Thank you very much. Good morning, Ms. Garner. Please proceed. This is Case 2020-1047, Hoist Fitness Systems v. TuffStuff Fitness. Ms. Garner, please proceed. Thank you, Your Honor. Good morning, all of Your Honors, and may it please the Court. The core issue in this appeal is the serial claim construction of claim terms that require pivotally mounting a user support frame. The District Court ultimately narrowed those terms inconsistently with the patent specification to limit pivotal mounts to only those that produce movement that is generally circular. The pivotally mounted relative to and pivotally mounted on terms require a user support mounted to pivot, mounted to turn, and places no support further restrictions on the overall movement path. So the Court's construction that deviates from the claim language significantly is too narrow in some respects, but not surprisingly, given the departure from the claim language, it's also too broad in some respects. But the pivot access defines a vertical gravitational center line. Isn't that significant? The pivot access defines a vertical gravitational center line, and so the pivot access is a point. However, the overall movement is not what determines whether or not the user support is pivotally mounted. The user support has to change in angular orientation. There are other claim terms in some but not all of the patents that are directed to the movement around the pivot access. But, of course, a body can move around a point, even in a circle around that point, without changing orientation, without pivoting. Think of a chair on a fixed Ferris wheel that moves around about the point in the middle of the Ferris wheel but maintains its upright orientation. What pivotally mounted here requires is that that upright orientation not be maintained, but that the chair, the user support frame, change in angular orientation over the course of the exercise movement. But it would be for the lateral movement, right? So the claims do not rule out lateral movement. It's tough to position that by adding a slide as one of the parts of the claimed multiple part pivot access to the user support frame, having multiple pivots, that that took it outside of these comprising claims. But that's not the case. The addition of lateral movement... But you have to rely on the comprising language to get there. Lateral movement is not within the concept of pivotal movement, right? So it is... The movement of the user support frame is not required only to pivot. Well, I understand. But my question was, lateral movement is not within the definition of pivotal, right? They are two different kinds of movement, yes. But the user... This term places a restriction that the user support frame must pivot. It doesn't say that it can't do other things, that it can't also move laterally. What about the four-bar pivot system? That's the exact embodiment that discloses both lateral movement and pivotal movement and shows that the claims are not limited to purely circular motion or even generally circular motion. The claims... This embodiment that shows a four-bar linkage that can accomplish a wide variety, a huge range of motion, is one of the embodiments that the patentee disclosed. The movement of a four-bar linkage always includes a lateral component in addition to a pivotal component. And that doesn't have a pattern of rotating around a single pivot point? So the... With regard to the four-bar linkage, the patent explains that although the movement is made up of multiple pivots, there are multiple pivots that are controlling the movement of the user support frame. So there is no one point about which it turns at all times. There's an average point, and that's what some of the patents call the theoretical pivot axis. So because it's not a circle, you can't find the center of the circle, and in order to find the center of the rotation or the center about which the user support frame moves, you... The patent teaches a method of perpendicular bisectors from the differentials between the beginning and ending movements in order to locate that pivot axis. But doesn't the four-bar embodiment described in the specification as having the same kind of movement as the pivot? It's described in the specification as optionally having that... Being able to mimic... It physically can't perfectly mimic, but it can approximate the movement of a single fixed pivot. But the patent makes the... So some of the patents disclose this optional mimicking capability. Not all of them do, importantly. The parent 880 patent does not include this discussion. The patents that do, when they're talking about particular figures, particular configurations of a four-bar linkage, they say, this particular figure mimics, and you can also place the about four-bar linkages as a type, the patents say, this can allow a desired pivoting movement to be achieved where a single physical pivot would be in an inaccessible location. So that's from the 209 patent, appendix 179 at column 13, lines 56 through 62. So at that point, it starts out, the embodiments of figures 1 through 26 all have four-bar linkages. And then it goes on to say that four-bar linkages can allow a desired pivoting movement to be achieved. So if there's a desire for a pivoting movement that approximates a single physical pivot, the four-bar linkage can accommodate that desire. Similarly, with regard to the 949 patent, when it's talking about figure 8, it says the movement of this particular configuration in figure 8 approximates that of a single physical pivot. But when the 949 patent is talking more generally about four-bar linkages, in the summary of the invention at appendix 123, column 2, 10 through 15, it says that the specification notes the user support pivot may be a single pivot, or it may be a four-bar linkage. And a four-bar linkage beneath the user support can be arranged to produce movement equivalent to a single physical pivot. Ms. Garner? Yes. Excuse me, Judge Schall here. The district court construed the pivotally mounted movement in pivotally mounting terms to require, as I understand it, overall movement that is generally concentric, and then further stated that concentric is more synonymous with circular rather than meaning having a common center. And I know that you take issue with that construction, but what do you understand the district court to be getting at when it said that concentric is more synonymous with circular rather than having a common center? So it isn't clear entirely what the court was getting at, but the court below was taking cognizance of Tuft's argument that perfectly circular motion was required. The court had modified its original construction to require concentricity, which was wrong, but not problematic given that other claim terms require concentricity with respect to the pivot axis. But what he meant by concentric was that it didn't mean common center. It means circular. Judge Schall, please continue with your question if you wish. No, I'm finished. Thank you, Judge Lurie. All right. Then, Ms. Garner, you're into your rebuttal time, so perhaps we will... Could I have one more question, Judge Lurie? Yes. On page 179, column 14, there's this reference to the four-bar linkage, but it still says that it describes it in terms of a pivot map defining a theoretical pivot axis. So the language of the claim itself seems to suggest that the four-bar linkage accomplishes the same pivoting movement that the more traditional pivot map would, right? So the four-bar linkage does accomplish the pivoting movement that a single fixed pivot would accomplish, but it also includes a lateral component that the single physical pivot does not. And where in the claim language is the reference to that lateral movement? So with regard to the fact that the overall movement is a combination of two different pivots leads to that conclusion, and additionally, the specifications that discuss this issue make clear that some four-bar configurations don't approximate the movement of a single physical pivot. The 209 patent, at the first block quote that Tufts Test cites from the 209 patent, it discusses this mimicking capability. Tufts Test block quote cite leaves off the last sentence of that paragraph, though, that states, the combined exercise arm and user support movement illustrated in figures 5A, 5B, 6A, 6B, and 7 may not be possible with a single pivot. So it's clear that the four-bar configuration does not approximate the movement of a single physical pivot. Where in the claim language do I find any reference to the lateral movement that might be made possible by a four-bar configuration? Because I see in this claim language, it's referring to the four-bar configuration mimicking the single pivot point. The, this claim term, so pivotal is not, so this claim term, pivotal mounted, is directed to the pivotal motion, but other claim terms reflect that other kinds of motion are possible. The movement around, the pivot doesn't necessarily lie in the middle of a single physical pivot. It's in the middle of the body that's pivoting, and so the movement around the pivot axis includes a lateral component, a lateral movement component. It's pivoting the whole time it's moving, but it's also in a four-bar linkage moving laterally. And unless there are additional questions, I'll reserve the rest of my time. We will save it for you, Madam. We will pivot to Mr. Telcher. Good morning, Your Honors. I'm going to start my clock here just one second. Okay. The District Court properly construed the claim language consistent with its plain and ordinary meaning. The plain and ordinary, plain and ordinary meaning of pivotal is circular motion. This point is conceded by Hoist at page 46 of its opening brief, where it says pivotal movement is, quote, only circular. Hoist expert, Mr. Lenz, also conceded that pivotal motion only has one degree of freedom and, quote, creates essentially a circular motion around a pivot axis. In the Court's original claim construction order at Appendix 52, the Court credits their expert's testimony that pivotal motion is circular. So the Court got it correct. Hoist has two arguments why this Court should deviate from the plain and ordinary meaning. All of us on this record agree that it requires circular motion. So they're arguing why should we deviate from the plain and ordinary meaning. Hoist has two reasons. One of them is that in the four-bar linkage, according to them, this isn't the case. So theory one is slight movement of the four-bar linkage. Theory two on why we should deviate from the plain and ordinary meaning is a couple of the asserted claims also use the word arguant, albeit in claims that still require pivotal. Those are the only two reasons I give this Court. As to the first reason, the District Court actually credited their argument, their slight movement in the four-bar linkage. If you look at, for example, Appendix 52, he says in the case of a four-bar linkage that Hoist has submitted enough evidence to show that it's not perfectly pivotal. And then he goes on to add the word generally. So as for their first reason for deviating from the plain and ordinary meaning, the District Court credited their argument and found that it requires generally. As for their second argument on ARCUIT being in only a couple of the claims, they didn't even make that claim. They found in Appendix 35 of their original Martman brief that the claims, 938, claim 1, that has ARCUIT in it as well as pivotal, they conceded that was construed the same as the other pivotal terms at the Martman phase. If you look at Appendix 35, which is the District Court judge's Martman order, he notes that the parties agree that all pivotal terms should be construed the same. So as to the second argument, ARCUIT, as far as I'm concerned, that argument should have been deemed waived, which is what we've argued. However, even if you reach the argument on the merits and deem it not waived, it's only in now claim 1 of the 938 patent, and that patent still requires, quote, pivotal movement. It says pivotally mounted relative to, and it requires pivotal movement. So ARCUIT does not change that language. So pivot moves around, pivot moves around, and that is essentially circular, right? Correct. That's your point. Hoist admits that it's page 46 of their opening brief. Hoist's expert says that it's circular motion. And so the only way we can get to where they want to get to is to deviate from the plain and ordinary meaning of pivotal, and they've not given this court a good reason to do that. And clearly the spec, the spec only describes pivotal movement. So there's two ways of achieving the pivot. One is the single pivot. The other way is the four-bar linkage. The patent should state the reason you use a four-bar linkage is there's some applications where you can't use a single pivot. And then we cited at pages 9 to 10 of our opening brief all of the places in the spec where they state that the four-bar linkage produces the same movement as a pivot. The only point that Hoist has tried to make at times is that you can go out and find other four-bar linkages not disclosed in their patent that somehow might produce something other than circular motion. But those aren't in their patent. What's in their patent is described as producing pivotal or circular motion. As this court has noted, the claims all require that pivotal motion. As I heard from the questioning in the opening of this, the claims have no component that talks about translational movement. The claims don't even talk about elliptical movement. So if you combine linear with curving motion, you get elliptical or curvilinear. The claims don't even talk about elliptical movement. The claims don't call that out either. Yes, sir? I'd like to just ask you the same question that I raised with Ms. Garner when she was speaking. As I know, the judge said that concentric is more synonymous with circular, rather than meaning having a common center, and I will confess that I've been, since I've been looking at the case, puzzling over that a little bit. Can you explain to me exactly the distinction between circular as opposed to having a common center, what the district court judge was talking about there? Yes, Your Honor. So, what Hoist argued the claim construction phase is that it was the overall movement. We're talking about exercise machines. So if you sit on the user seat, what is the motion you're going to experience relative to the mainframe? So we're talking about a movement path, and Pivotal required a circular movement path. The reason we got to this center of rotation is because Hoist knows that they can't prove that Tough Stuff machines produce a generally circular motion. That's why they stipulated to non-infringement. So the way to get around the plain and ordinary meaning of Pivotal meaning circular was to argue that common center of emotion is the relevant inquiry. As we pointed out, their expert came up with a Rouleau method, which I'd never even heard of before. Our expert had never even heard of it before. But they found something in a book that talks about if you find a center of rotation for this Rouleau method, that that means that we infringe, even though it doesn't matter what motion it is. Wouldn't something that's circular have a common center? Absolutely. It does. So there's no dispute that a circle has a common center. What Hoist was attempting to do is to say that, for example, a triangle has a common center. A square has a common center. Believe it or not, if you have a straight line that has a curve at the end, so imagine a straight line that goes for a foot, and at the very end there's an inch-long curve. That has a center of rotation. So Hoist was not saying that the center of rotation applied to circular movement. Hoist was saying that any motion that had a center of rotation infringes its patents. It doesn't matter. And this was in their expert supplemental report that got stricken at the end. He said that triangles are covered. Squares are covered. Anything with angular rotation, he claimed, was covered. So he was deviating well beyond circular movement. And that's why the district court judge ultimately at the motion eliminate phase and the final hearing construed the term because he could tell that Hoist was trying to say it covered any motion under the sun except the straight line, which is not what the claims require. Thank you. Question? Yes, that answered my question. Thank you. So I don't have any more points to make. Are there any other questions for me? If not, I'll rest. Thank you, Mr. Tiltshurst. Ms. Garner has some more. Yes, thank you, Your Honor, and may it please the court. The patent very clearly disclosed that in the case of a four-bar linkage, you need to do a calculation in order to find the one pivot point. And the 880, the parent patent in this case, column 9, lines 62 through 66, describes that since the pivot is a four-bar linkage in the embodiment of figures 1 to 4, the user support frame pivots about a theoretical pivot axis, which is the effective pivot point for the combined pivotal movement of the four-bar linkage, which has multiple pivots controlling the movement of the user support frame. The movement is not circular, and that's why you need to find the theoretical pivot axis. You can finish your point, counsel, if you hadn't. I have. Okay. Thank you very much. We have your arguments in the case of submitted. Thank you. The Honorable Court is adjourned until tomorrow morning at 10 a.m.